IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
*at Baltimore*

| | |
|---|---|
| In re: <br><br> DEBORAH STAUDT <br><br> Debtor(s) | Case No. 23-12890-DER <br> Chapter 7 |

**CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY MORGAN W. FISHER AS ATTORNEY FOR THE ESTATE**

Pursuant to 11 U.S.C. § 327(d) and Federal Rule of Bankruptcy Procedure 2014, Morgan W. Fisher, Trustee for the bankruptcy estate of Deborah Staudt (the "Trustee"), hereby applies for authority to employ Morgan W. Fisher as attorney for the estate. In support thereof, the Trustee states:

1. On April 27, 2023, Deborah Staudt (the "Debtor") filed a voluntary petition with this Court for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Estate").

2. Morgan W. Fisher was the duly appointed Chapter 7 Trustee for the Bankruptcy Estate.

3. Pursuant to 11 U.S.C. § 327(d) Trustee requests authority to employ Morgan W. Fisher, Esq. ("Attorney" or "Mr. Fisher") as attorney for the estate.

4. The professional services to be rendered by counsel include the representation of the Trustee with respect to all matters and proceedings arising in or related to this bankruptcy case. The employment of counsel to perform such services is necessary and in the best interests of the Bankruptcy Estate.

5. The Trustee proposes to compensate the Attorney on an hourly basis of $500/hour and $175 for paralegal time. The Trustee believes the hourly rate is appropriate considering the

Attorney's experience level (20 years since first admitted to the State Bar of California) and prevailing market rates.

6. The Attorney has not been paid a retainer.

7. All compensation for legal services rendered and reimbursement for actual, necessary expenses to be paid to the Attorney is subject to the provisions contained in 11 U.S.C. §330 including notice and court order.

8. The Attorney represents no interest adverse to the Trustee or to the Estate in this matter. Additionally, as set forth in the accompanying Verified Statement of Mr. Fisher attached hereto as Exhibit "A", Mr. Fisher has no connection with the Debtor's creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee except that the Attorney is the Chapter 7 Trustee.

9. The Attorney is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.

10. As set forth above, the Attorney satisfies all the requirements for employment as attorneys for the Trustee pursuant to 11 U.S.C. §327.

11. The employment of Morgan Fisher as attorney for the estate is in the best interest of the Trustee, the bankruptcy estate and creditors.

12. Pursuant to Rule 9013-2 of the Local Rules, the Trustee states that, in lieu of submitting a memorandum in support of this Application, he will rely solely upon the grounds and authorities set forth herein.

WHEREFORE, the Trustee, Morgan W. Fisher, respectfully requests that this Court enter an order (i) authorizing the employment of Morgan W. Fisher as attorney for the estate (ii) granting

such other and further relief as may be just.

Respectfully submitted.

<u>/s/ Morgan W. Fisher</u>
Morgan W. Fisher, #28711

Law Offices of Morgan Fisher, LLC
18 West St.
Annapolis, MD 21401
410-626-6111
FAX 410-267-8072
mwf@morganfisherlaw.com
Chapter 7 Trustee

Dated: June 2, 2023

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 2, 2023, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the forgoing Application, Exhibits and Proposed Order will be served electronically by the Court's CM/ECF system on the following:

Brian A. Cavanaugh brian.cavanaughlaw@gmail.com, lawofficebrian@netzero.net

Jack Ryan Terziu terziulaw@gmail.com

                                                              Respectfully submitted,

Dated: June 2, 2023                              */s/* Morgan W. Fisher
                                                              Morgan W. Fisher